James VARGO, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 08–3133–pr.

United States Court of Appeals, Second Circuit.

Feb. 13, 2009.

Lawrence Mark Stern, New York, NY, for Appellant.

John P. Nowak, Assistant United States Attorney, Eastern District of New York (Benton J. Campbell, United States Attorney; Susan Corkery, Andrew E. Goldsmith, Assistant United States Attorneys), Brooklyn, NY, for Appellee.

Present: ROBERT D. SACK, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner James Vargo appeals from a judgment entered on June 13, 2008, denying his motion brought pursuant to 28 U.S.C. § 2255. On November 3, 2003, a jury found Vargo guilty of conspiring to distribute and possess with intent to distribute the amphetamine known as the street drug "ecstasy." Vargo argues that he received ineffective assistance of counsel at trial. We assume the parties' familiarity with the underlying facts and procedural history of the case.

To prevail on an ineffective assistance of counsel claim, a petitioner must show: 1) "that counsel's performance was deficient," and 2) that the petitioner therefore suffered prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We need not address the issue of whether or not the performance of Vargo's counsel was deficient, because we conclude that no prejudice resulted from the allegedly deficient performance.

Vargo asserts that his counsel's performance was deficient because, *inter alia*, 1) he failed to object to the government's introduction of evidence regarding a violent, uncharged armed robbery by Vargo, and 2) he declined to request a "no adverse inference" jury instruction. Neither of these omissions was prejudicial.

Under *Strickland,* the defendant is prejudiced by errors of counsel if there is a reasonable probability that without the errors, the outcome of the case would have been different. *See id.* at 694, 104 S.Ct. 2052. We have interpreted "reasonable probability" to mean a probability sufficient to "undermine confidence in the outcome." *Flores v. Demskie,* 215 F.3d 293, 304 (2d Cir.2000)(internal quotation marks omitted). This inquiry is closely tied to the question of how strong the government's case would have been in the absence of counsel's errors. *See, e.g., United States v. Abad,* 514 F.3d 271, 276 (2d Cir. 2008).

Four cooperating witnesses testified against Vargo. Three of those witnesses—Edgar Charria (an ecstasy broker who paired Vargo with buyers of ecstasy), Steven Capuano (an ecstasy buyer), and James Woodring (Capuano's friend)—testified to their own direct interactions with Vargo involving the sale of ecstasy. In addition, one non-cooperating witness also testified against Vargo, confirming some details of Charria's and Vargo's movements on a day when Charria had testified that he met Vargo to exchange defective ecstasy pills for good ones. Telephone records corroborated the fact that testified-to phone calls had in fact been made, and a wiretap recording seemed to implicate Vargo in the sale of fake ecstasy pills. A laboratory analysis of one of the fake pills discussed by the witnesses corroborated the fact that the pill contained no ecstasy.

In light of this large body of evidence against Vargo, there is no reasonable probability that the jury's verdict would have been different even if the evidence regarding the robbery had been excluded and a "no adverse inference" instruction had been given.

We have considered the petitioner's other arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.